*            PEOPLE v BALL

Docket No. 303727. Submitted April 11, 2012, at Lansing. Decided June
    19, 2012, at 9:20 a.m. Leave to appeal denied, 493 Mich 878.

    Amanda Sue Ball pleaded guilty of manslaughter, MCL 750.321, and
        unlawful delivery of less than 50 grams of heroin, MCL
        333.7401(2)(a)(*iv*), in the Jackson Circuit Court. Defendant had
        delivered a half of gram of heroin to the victim in exchange for a
        PlayStation video game, following which the victim died from a
        heroin overdose. The court, John G. McBain, J., sentenced her to
        concurrent terms of 71 months to 15 years in prison for the
        manslaughter conviction and 57 months to 20 years in prison for
        the delivery conviction. When it scored the sentencing guidelines,
        the court assessed 20 points for offense variable 1 after concluding
        that defendant had subjected the victim to a harmful substance.
        Defendant appealed by leave granted.

        The Court of Appeals *held*:

        Offense variable 1 (OV 1), MCL 777.31, considers aggravated
        use of a weapon. MCL 777.31(1)(b) requires that 20 points be
        assessed when the victim was subjected or exposed to a harmful
        biological substance or device, a harmful chemical substance or
        device, a harmful radioactive material or device, an incendiary
        device, or an explosive device. A weapon is an instrument or device
        used for attack or defense in a fight or anything used against an
        opponent, adversary, or victim. A substance must be used as a
        weapon in order for points to be assessed under OV 1. The circuit
        court erred by assessing 20 points for OV 1 because there was no
        evidence that defendant used the heroin as a weapon when she
        traded it to the victim for a video game. Although heroin can be
        used as a weapon and be lethal in certain doses, defendant did not
        attack the victim with the heroin or force her to use it; the
        transaction was an ordinary sale of heroin.

        Reversed and remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 1 — DEFINITION OF
    WEAPON.

    Offense variable 1 (OV 1) considers the aggravated use of a weapon;
        20 points must be assessed under OV 1 when a victim was

subjected or exposed to a harmful biological substance or device, a harmful chemical substance or device, a harmful radioactive material or device, an incendiary device, or an explosive device; a weapon is an instrument or device used for attack or defense in a fight or anything used against an opponent, adversary, or victim; a substance must be used as a weapon in order for points to be assessed under OV 1 (MCL 777.31[1][b]).

*Bill Schuette,* Attorney General, *John J. Bursch,* Solicitor General, *Henry Zavislak,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Ronald D. Ambrose* for defendant.

Before: HOEKSTRA, P.J., and SAWYER and SAAD, JJ.

SAWYER, J. We are asked to determine whether the delivery of heroin in a drug transaction constitutes the aggravated use of a weapon under offense variable (OV) 1 of the sentencing guidelines. We conclude that while heroin could, under the appropriate fact situation, constitute the aggravated use of a weapon, that it is not the case in an ordinary drug transaction. That is, for points to be assessed under OV 1, the heroin itself must have been used as a weapon.

Defendant delivered a half gram of heroin to the victim in exchange for a PlayStation video game. Thereafter, the victim overdosed on the heroin. Defendant pleaded guilty of manslaughter[1] and unlawful delivery of less than 50 grams of heroin.[2] She was sentenced to 71 months to 15 years in prison on the manslaughter conviction and 57 months to 20 years in prison on the delivery conviction, with the sentences to run concurrently. She appeals by leave granted.

---

[1] MCL 750.321.

[2] MCL 333.7401(2)(a)(*iv*).

At sentencing, the prosecutor requested that 20 points be assessed for OV 1, arguing that defendant subjected the victim to a harmful substance, namely the heroin. Defendant objected to the scoring, but the trial court agreed that heroin met the definition of "chemical substance" under OV 1 and assessed the 20 points.

In resolving this question, we apply the following principles of statutory construction from *People v Blunt*:[3]

> When construing a statute, this Court must ascertain and give effect to the Legislature's intent. *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). "The first step in that determination is to review the language of the statute itself." *Id*. (quotation marks and citation omitted). We construe statutory language according to the common and approved meaning of the words, but when a statute employs technical terms of art, " 'it [is] proper to explain them by reference to the art or science to which they [are] appropriate.' " *West Bloomfield Charter Twp v Karchon*, 209 Mich App 43, 51; 530 NW2d 99 (1995), quoting *Corning Glass Works v Brennan*, 417 US 188, 201; 94 S Ct 2223; 41 L Ed 2d 1 (1974). In discerning legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *People v Hill*, 269 Mich App 505, 515; 715 NW2d 301 (2006). The Court must avoid construing a statute in a manner that renders statutory language nugatory or surplusage. *Id*. " 'We construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature.' " *Id*., quoting *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159-160; 627 NW2d 247 (2001). When discerning legislative intent, a particular word in one statutory section must be interpreted in conjunction with every other section, "so as to produce, if possible, a harmonious and consistent enactment as a whole." *Grand Rapids v Crocker*, 219 Mich 178, 183; 189 NW 221 (1922); see also *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416 420; 662 NW2d 710 (2003) (invoking as a statutory interpreta-

---

[3] *People v Blunt*, 282 Mich App 81, 83-84; 761 NW2d 427 (2009).

tion aid the doctrine of *noscitur a sociis*, "i.e., that a word or phrase is given meaning by its context or setting") (quotation marks and citation omitted).

Under MCL 777.31(1) 20 points are assessed for OV 1 as follows:

> Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> * * *
>
> (b) The victim was subjected or exposed to a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device.

Furthermore, MCL 750.200h(i) defines "harmful chemical substance" as "a solid, liquid, or gas that through its chemical or physical properties, alone or in combination with 1 or more other chemical substances, can be used to cause death, injury, or disease in humans, animals, or plants."

We disagree with defendant's argument that heroin does not constitute a harmful chemical substance because there are nonlethal dose levels. As this case demonstrates, it is capable of causing death and is therefore, a harmful chemical substance. Nothing in MCL 750.200h(i) restricts the definition of "harmful chemical substances" to those substances that are lethal at all dose levels.[4] We do,

---

[4] Indeed, while we are not chemists, we question whether there is any substance that is lethal at the smallest possible dose level. But even if there is a substance that will kill with exposure to only one molecule of it, it seems doubtful that the Legislature intended to limit the provisions to those substances.

however, agree with defendant that it was not, under the facts of this case, used as a weapon.

The first sentence of MCL 777.31 directs that OV 1 applies to the aggravated use of a weapon. The statute does not define "weapon." But *Random House Webster's College Dictionary* (2001) defines it as "1. any instrument or device used for attack or defense in a fight or in combat. 2. anything used against an opponent, adversary, or victim . . . . 3. any part or organ serving for attack or defense, as claws, horns, teeth, or stings." Furthermore, the need for the substance to be used as a weapon is supported by the Supreme Court's statement in *People v Carr*,[5] wherein the Court ordered resentencing because the "trial court committed plain legal error in scoring offense variable 1 because the defendant did not use the methadone against her child as a weapon, as is required to score the variable." The prosecution attempts to distinguish *Carr* by pointing out that the underlying facts are unknown, but that it did involve methadone, which has legal uses, while the case at bar involves heroin, which has no legal uses. But such a distinction does not mean that heroin is always used as a weapon merely because it is illegal per se. While the underlying facts of *Carr* may be unknown, it is clear that the Supreme Court stated that a substance must be used "as a weapon" in order to score the variable.

Undoubtedly, heroin can be used as a weapon. For example, one could forcibly inject heroin into an unwilling victim for the purpose of killing that person by means of a heroin overdose. In such a case, we would have no difficulty in concluding that the heroin was used as a weapon because it was "used against an opponent, adversary, or victim."

---

[5] *People v Carr*, 489 Mich 855, 856 (2011).

But that is not what happened here. There is no evidence that defendant forced the victim to ingest the heroin against his will. This was an ordinary, albeit illegal, consensual drug transaction. Defendant traded the heroin to the victim for something of value, and thereafter the victim voluntarily ingested the heroin with tragic results. But defendant did not attack the victim with the heroin and, the heroin was not used as a weapon. Therefore, it is not appropriate to score OV 1 as if it had been. Accordingly, the trial court must resentence defendant under properly scored sentencing guidelines, assessing zero points for OV 1.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

HOEKSTRA, P.J., and SAAD, J., concurred with SAWYER, J.