PEOPLE v GARY

Docket No. 314878. Submitted April 1, 2014, at Grand Rapids. Decided April 17, 2014, at 9:05 a.m.

David K. Gary pleaded guilty in the Hillsdale Circuit Court of operating or maintaining a methamphetamine laboratory. The court, Michael R. Smith, J., sentenced him to 38 to 120 months in prison. The evidence indicated that defendant had, at the request of Michael Shearer, purchased supplies for the production of methamphetamine and gave them to Shearer with the intention that Shearer would make methamphetamine and give some to defendant. After defendant left, Shearer started making methamphetamine. An explosion occurred and Shearer was seriously injured. The Court of Appeals granted defendant's delayed application for leave to appeal, which alleged that the trial court erroneously scored Offense Variables (OVs) 1 and 2.

The Court of Appeals *held*:

1. OV 1, MCL 777.31, addresses the aggravated use of a weapon and provides, in part, that 20 points are to be assessed if the victim was subjected or exposed to a harmful chemical substance or an explosive device. The harmful chemical substance or explosive device must be used as a weapon in order to justify assessing 20 points for OV 1. Although the lithium batteries and the Coleman fuel that defendant provided could constitute harmful chemical substances and their employment in a methamphetamine lab could constitute part of an explosive device, there is no indication that defendant used the batteries or the fuel as a weapon. There is also no evidence that defendant used the methamphetamine lab as a weapon. Involvement in, or exposure to, a methamphetamine lab or its constituent parts, even if an explosion occurs, without more, does not constitute the use of a weapon under OV 1. The trial court erred by assessing 20 points for OV 1.

2. OV 2, MCL 777.32, concerns the lethal potential of the weapon possessed or used. Because defendant's crime did not involve the use of a weapon, the trial court erred by assessing 15 points for OV 2.

3. Although defendant did not object to the scoring of OVs 1 and 2, the proper rescoring of OVs 1 and 2 would alter defendant's

applicable recommended minimum sentencing range under the legislative guidelines. The improper scoring constituted plain error affecting defendant's substantial rights.

Conviction affirmed, sentence vacated, and remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 1 — WORDS AND PHRASES — WEAPONS.

Offense Variable 1 addresses the aggravated use of a weapon and provides, in part, that 20 points are to be assessed if the victim was subjected or exposed to a harmful chemical substance or an explosive device; the harmful chemical substance or explosive device must be used as a weapon in order to justify assessing 20 points for OV 1; a "weapon" is any instrument or device used for attack or defense in a fight or in combat, anything used against an opponent, adversary, or victim, or any part or organ serving for attack or defense (MCL 777.31).

*Bart R. Frith* for defendant.

Before: METER, P.J., and O'CONNELL and SHAPIRO, JJ.

PER CURIAM. Defendant appeals by delayed application for leave to appeal granted[1] from his plea-based conviction of operating or maintaining a methamphetamine laboratory, MCL 333.7401c(2)(a). He was sentenced to 38 to 120 months in prison. Because the trial court erred when scoring Offense Variables (OVs) 1 and 2, we affirm defendant's conviction, vacate defendant's sentence, and remand for resentencing consistent with this opinion.

In conjunction with his plea, defendant testified that on April 5, 2012, Michael Shearer asked him to purchase supplies for the production of methamphetamine. He testified that, in return for purchasing the supplies, he would get some of the methamphetamine that he knew Shearer was going to make. Defendant said that

---

[1] *People v Gary*, unpublished order of the Court of Appeals, entered October 11, 2013 (Docket No. 314878).

he purchased two packs of lithium batteries, tubing, coffee filters, and Coleman fuel. He added that Shearer then asked if he would help make the methamphetamine, but defendant told him he did not want to participate. Defendant then left before the methamphetamine was made. He explained that Shearer later told him that he started making the methamphetamine and it exploded, injuring Shearer as a result.

Defendant argues that OVs 1 and 2 were misscored because there was insufficient evidence on the record to support a finding that either methamphetamine or a methamphetamine lab was used as a weapon. Because defendant did not object to the scoring of the two OVs, we review this claim for plain error affecting substantial rights. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

OV 1, codified as MCL 777.31, addresses the "aggravated use of a weapon." MCL 777.31(1). MCL 777.31(1)(b) provides that 20 points shall be assessed if "[t]he victim was subjected or exposed to a . . . harmful chemical substance . . . or explosive device."

In *People v Ball*, 297 Mich App 121, 122; 823 NW2d 150 (2012), we were "asked to determine whether the delivery of heroin in a drug transaction constitutes the aggravated use of a weapon under offense variable (OV) 1 of the sentencing guidelines." In *Ball*, the defendant sold heroin to the victim, who later overdosed on the heroin and died. *Id.* The defendant pleaded guilty to manslaughter, MCL 750.321, and unlawful delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*). *Ball*, 297 Mich App at 122. The trial court assessed 20 points for OV 1, finding that the defendant had subjected the victim to heroin, a "harmful substance." *Id.* at 123. Despite our agreement that heroin constituted a "harmful substance," we found that it must be used as

a "weapon" in order to justify assessing 20 points for OV 1. *Id.* at 124-125. We stated:

> The statute does not define "weapon." But *Random House Webster's College Dictionary* (2001) defines it as "1. any instrument or device used for attack or defense in a fight or in combat. 2. anything used against an opponent, adversary, or victim . . . . 3. any part or organ serving for attack or defense, as claws, horns, teeth, or stings." [*Ball*, 297 Mich App at 125.]

Applying this definition, we found that the trial court erred by assessing 20 points for OV 1 because there was no evidence that the heroin was "used as a weapon." *Id.* at 124-125. We stated:

> There is no evidence that defendant forced the victim to ingest the heroin against his will. This was an ordinary, albeit illegal, consensual drug transaction. Defendant traded the heroin to the victim for something of value, and thereafter the victim voluntarily ingested the heroin with tragic results. But defendant did not attack the victim with the heroin and, the heroin was not used as a weapon. Therefore, it is not appropriate to score OV 1 as if it had been. [*Id.* at 126.]

In this case, the evidence in the record indicates that defendant never possessed methamphetamine at any point during the relevant period. Nonetheless, the lithium batteries and the Coleman fuel could constitute "harmful chemical substances" and their employment in a methamphetamine lab could constitute part of an "explosive device," as demonstrated by the fact that Shearer's lab exploded, causing him serious injury.

However, as in *Ball*, there is no indication that defendant used the lithium batteries or Coleman fuel as a weapon. He did not attack Shearer or anyone else with either item nor is there any evidence that he tampered with the items in an attempt to trigger the

methamphetamine lab explosion. Indeed, the evidence suggests the opposite; defendant desired the methamphetamine to be safely and successfully made so he could be compensated for the items he gave Shearer. Similarly, there is no evidence that defendant used the methamphetamine lab as a weapon. Defendant did not force Shearer to make the methamphetamine nor did he intentionally cause the explosion. Involvement in, or exposure to, a methamphetamine lab or its constituent parts, even if an explosion occurs, without more, does not constitute the use of a weapon under OV 1.

Our ruling is supported by our Supreme Court's order in *People v Lutz*, 495 Mich 857 (2013). In that case, the defendant was manufacturing methamphetamine in his apartment when his lab caught fire and significantly damaged the apartment building. The trial court assessed 20 points for OV 1. Our Supreme Court vacated the defendant's sentence, citing *Ball* and ruling that "zero points should have been scored for Offense Variables 1 and 2 because the methamphetamine in this case was not used or possessed as a weapon." *Lutz*, 495 Mich at 857. The relevant facts in *Lutz* are nearly identical to those in the instant case.

OV 2, codified as MCL 777.32, concerns the "lethal potential of the weapon possessed or used." MCL 777.32(1). Because we have already determined that defendant's crime did not involve the use of a weapon, the trial court erred by assessing 15 points for OV 2.

Properly rescoring OVs 1 and 2 would alter defendant's applicable recommended minimum sentencing range under the legislative guidelines. Thus, the improper scoring of those variables constituted plain error affecting defendant's substantial rights and we remand for resentencing. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006).

Defendant's conviction is affirmed. We vacate his sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

METER, P.J., and O'CONNELL and SHAPIRO, JJ., concurred.