# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2016

Plaintiff-Appellant,

v

No. 320571
Wayne Circuit Court
LC No. 11-000851-FH

GIOVANNI NACCARATO,

Defendant-Appellee.

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] an order resentencing defendant regarding his *nolo contendere* plea convictions of four counts of arson of a dwelling house, MCL 750.72(a), arson of insured property, MCL 750.75, and arson of personal property valued between $1,000 and $20,000 (arson of personal property), MCL 750.74(1)(c)(*i*).[2] Defendant's resentencing followed this Court's remand for resentencing in *People v Naccarato*, unpublished opinion per curiam of the Court of Appeals, issued October 4, 2012 (Docket No. 305222) (subsequently referred to as *Naccarato I*). On remand, the trial court sentenced defendant to the same sentences originally imposed: 3 years' probation for all convictions, plus restitution. We vacate defendant's sentence and remand for resentencing.

## I. THE LAW OF THE CASE

On appeal, the parties argue the merits of two issues already decided by this Court in *Naccarato I*. In doing so, the parties fail to recognize that the decision in *Naccarato I* remains the binding law of the case on appeal. Thus, although the parties do not raise the applicability of the doctrine of the law of the case on appeal, we conclude that we must nevertheless address that issue. *People v Smart*, 304 Mich App 244, 252; 850 NW2d 579 (2014) (quoting *Heydon v*

---

[1] *People v Giovanni Naccarato*, unpublished order of the Court of Appeals, entered April 18, 2014 (Docket No. 320571).

[2] Each statute has been amended since defendant entered his plea. 2012 PA 531; 2012 PA 532.

*MediaOne*, 275 Mich App 267, 278; 739 NW2d 373 (2007) (explaining that this Court has discretion to "review issues not properly raised or addressed by a party" where "the question is one of law and all the facts necessary for its resolution have been presented, or where necessary for a proper determination of the case . . . .' ").

"Generally, the law of the case doctrine provides that an appellate court's decision 'will bind a trial court on remand and the appellate court in subsequent appeals.' " *Duncan v Michigan*, 300 Mich App 176, 188-89; 832 NW2d 761 (2013) (quoting *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007)). Determination of "[w]hether the law of the case doctrine applies is a question of law" this Court reviews de novo. *Duncan*, 300 Mich App at 188 (citing *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008)).

*Kasben* offers a succinct statement of how the law of the case doctrine applies where a trial court fails to abide by the judgment of this Court on remand:

> When this Court disposes of an appeal by opinion or order, the opinion or order is the judgment of the Court. MCR 7.215(E)(1). And a lower court "may not take action on remand that is inconsistent with the judgment of the appellate court." *Grievance Adm'r v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Rather, the trial court is bound to strictly comply with the law of the case, as established by the appellate court, "according to its true intent and meaning." *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). [*Kasben*, 278 Mich App at 470.]

Although application of the law of the case doctrine is often described as discretionary, its application is mandatory where "there has been no material change in the facts or intervening change in the law." *Duncan*, 300 Mich App at 189 (citing *Foreman v Foreman*, 266 Mich App 132, 138; 701 NW2d 167 (2005); citing also *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 560; 528 NW2d 787 (1995) ("[T]he doctrine of law of the case is a bright-line rule to be applied virtually without exception.").

The law of the case enunciated by an appellate court also applies in subsequent appeals to that court. *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988) ("The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on a rehearing."). Indeed, "[e]ven if the prior decision was erroneous, that alone is insufficient to avoid application of the law of the case doctrine." *Duncan*, 300 Mich App at 189 (citing *Bennett v Bennett*, 197 Mich App 497, 500; 496 NW2d 353 (1992)).

This Court's opinion in *Naccarato I* was the binding law of the case on remand, and the trial court was required to follow it absent a material change in the facts or intervening change of law. *Duncan*, 300 Mich App at 188-189. Likewise, in the instant appeal, this Court is bound to follow the law of the case announced in *Naccarato I.* See *Johnson*, 430 Mich at 53; *Duncan*, 300 Mich App at 188-189.

A. ASSESSING OF OFFENSE VARIABLE (OV) 1

*Naccarato I* directly held that "[b]ecause defendant used an incendiary device and there were victims as a result of the fire he started, 20 points should have been scored for OV 1" instead of zero points. Nevertheless, the trial court again assessed OV 1 at zero, evidently convinced by defendant's argument that new caselaw supported such a score.

But no intervening change of law justified the trial court's decision to ignore this Court's explicit instructions to assess OV 1 at 20 points. The opinion cited by defendant at resentencing, *People v Ball*, 297 Mich App 121, 122-126; 823 NW2d 150 (2012), which held that delivery of heroin to a person who subsequently died of an overdose was not "use of a weapon" under OV 1, is distinguishable. In *Ball*, this Court reasoned that, since there was no evidence that the heroin was "used as a weapon" or that the defendant had "forced the victim to ingest the heroin," the heroin was not a weapon for purposes of scoring OV 1. *Id.* at 124-126. Citing *Ball* and *People v Lutz*, 495 Mich 857 (2013) (holding that zero points should be assessed under OV 1 because a defendant did not use or possess methamphetamine as a weapon), this Court recently issued another similar opinion in *People v Gary*, 305 Mich App 10, 14; 849 NW2d 414 (2014) (holding that a defendant's delivery of ingredients to manufacture methamphetamine was not use of a weapon under OV 1 where those ingredients later triggered an explosion).

Such cases, involving the delivery of narcotics or ingredients for their manufacture, are plainly distinguishable from the instant case. In *Naccarato I*, this Court reasoned that because a firefighter was injured extinguishing the fire and there were other people " 'placed in danger of injury or loss of life' as a result of the fire caused by" defendant's intentional use of gasoline as an incendiary device, 20 points were appropriately assessed for OV 1 pursuant to MCL 777.31(1)(b). The intentional use of gasoline to set fire to an apartment building in a populated area is quite different from the delivery of narcotics to a person who willingly ingests them; in this case, the tenants of defendant's building, firefighters, and bystanders had no choice but to be exposed to the fire defendant set and the risk it posed.

Moreover, because the scoring of offense variables is "offense specific," and should be made "on the basis of the sentencing offense," *People v Sargent*, 481 Mich 346, 348; 750 NW2d 161 (2008), the narcotics cases defendant cites do not conflict with the assessment of 20 points for OV 1 regarding the arson offenses at issue here. Indeed, since *Naccarato I* was decided, this Court has issued several unpublished opinions following the same reasoning and concluding that OV 1 is properly assessed at 20 points in cases where an incendiary device is used to commit arson.

Thus, regarding OV 1, no intervening change of law justified the trial court's decision to ignore the law of the case set forth by *Naccarato I*. Similarly, no change of material fact could exist; as this Court noted in *Naccarato I*, defendant stipulated to the factual basis for his plea in the trial court. Accordingly, the trial court violated the law of the case and erred in failing to assess 20 points for OV 1 on remand.

## B. DEPARTURE FROM THE SENTENCING GUIDELINES RANGE

Likewise, *Naccarato I* explicitly stated, "On remand, defendant must be resentenced within the guidelines *unless* the trial court provides substantial and compelling reasons for departure *and* explains why the particular departure is more proportionate to defendant's offense

than a sentence within the guidelines." *Naccarato I* at 3 (emphasis added). Again, no change of material fact exists. Moreover, no new authority was cited to the trial court arguing that an intervening change of law supported the trial court's decision to disregard the instructions in *Naccarato I* regarding departure from the sentencing guidelines. Thus, to again depart from the guidelines, the trial court was required to follow the law of the case and explain the proportionality of the sentence imposed compared to a guidelines sentence, not just the defendant and the offense. The trial court failed to do so, instead merely stating that it agreed with the arguments made by defense counsel at the resentencing proceedings. This is unavailing because defense counsel argued only that a probationary sentence was proportionate *to defendant* and the circumstances of the case, offering no argument regarding the proportionality of that sentence compared to *a sentence within the guidelines range* of 30 to 50 months' imprisonment. Therefore, by resentencing defendant outside of the guidelines range without explaining why the particular departure was more proportionate than a sentence falling within the guidelines range of 30 to 50 months' imprisonment, the trial court again disregarded the law of the case established in *Naccarato I*.

*Naccarato I* remains the law of the case regarding both the proper assessment of OV 1 and the trial court's departure from the sentencing guidelines. Thus, the trial court erred on remand by failing to abide by the law of the case as to those issues.

## II. ASSESSING OF OV 2

One issue raised in the instant appeal—and not already decided in *Naccarato I*—is the proper assessment of OV 2. The prosecution argues that, because the factual basis for defendant's plea of *nolo contendere* to multiple counts of arson was an investigator's report indicating that defendant spread gasoline throughout an apartment building and intentionally ignited it, it is clear that defendant used or possessed an incendiary device in committing the charged offenses. Accordingly, the prosecution contends that the trial court erred in refusing to assess 15 points for OV 2. We agree.

When this Court reviews a trial court's assessment of offense variables, the trial "court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Bosca*, ___ Mich App ___; ___ NW2d ___ (2015); slip op at 23 (quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013)). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation," which this Court reviews de novo. *Id.* If subsequently amended, the pertinent offense variable statutes should be reviewed as those statutes were written at the time of sentencing. See, e.g., *People v Houston*, 473 Mich 399, 404; 702 NW2d 530 (2005).

Because "[t]he sentencing guidelines are a comprehensive and integrated statutory scheme designed to promote uniformity and fairness in sentencing," individual sentencing variables must not "be read in isolation, but instead must be read as a harmonious whole." *People v Bemer*, 286 Mich App 26, 35; 777 NW2d 464 (2009) (citations omitted). When interpreting a statute, "a construction that would render part of the statute surplusage or nugatory" must be avoided. *People v McGraw*, 484 Mich 120, 126; 771 NW2d 655 (2009). Generally, the offense variables are "offense specific" and should be scored "on the basis of the

sentencing offense," with focus on "the nature of the offense." *Sargent*, 481 Mich at 348. "[A]bsent an express prohibition, courts may consider conduct inherent in a crime when scoring offense variables." *Hardy*, 494 Mich at 442.

OV 2 is enumerated at MCL 777.32 and applies to both crimes against a person, MCL 777.22(1), and crimes against property, MCL 777.22(2). At the time of defendant's resentencing, MCL 777.16c[3] categorized both arson of a dwelling place and arson of personal property as crimes against a person, while categorizing arson of insured property as a crime against property. See 2012 PA 534.

OV 2 addresses "the lethal potential of a weapon possessed or used by a defendant during the commission of the offense." *People v Young*, 276 Mich App 446, 451; 740 NW2d 347 (2007). MCL 777.32(1)(b) provides that a defendant should be assessed 15 points for OV 2 where the defendant "possessed or used an incendiary device, an explosive device, or a fully automatic weapon[.]" MCL 777.32(3)(d) defines the term "incendiary device" to include "*gasoline or any other flammable substance*, a blowtorch, fire bomb, Molotov cocktail, or other similar device." (Emphasis added.)

Defendant argues that zero points were appropriately assessed for OV 2 at resentencing because the gasoline defendant used in the commission of his various arson offenses was not a "weapon" used against a specific victim. This argument completely disregards the fact that OV 2 is, pursuant to MCL 777.22(2), applicable to crimes against property. Thus, defendant's suggested construction would render the pertinent language in MCL 777.22(2) nugatory, making an offense variable that applies to crimes against *property* dependent on the use of a weapon against a *person*. Defendant's proposed construction also ignores the word "possessed" in MCL 777.32(1)(b); a defendant can *possess* an incendiary device that is never used. Finally, defendant's construction ignores both the nature of the charged arson offenses and conduct inherent in those crimes. From the common law, it has been recognized that arson is an inherently dangerous felony. See, e.g., *People v Till*, 80 Mich App 16; 263 NW2d 586 (1977), rev'd in part on other grounds by 411 Mich 982 (1981). Using gasoline to intentionally set fire to an apartment building in the middle of the day poses an inherent risk of harm to both persons and property.

Moreover, as with the assessing of OV 1 discussed earlier, because the scoring of the offense variables is offense specific, *Sargent*, 481 Mich at 348, the cases defendant cites regarding the assessment of OV 2 in narcotics delivery cases are distinguishable. *Ball*, 297 Mich App 121, and its progeny deal with delivery of narcotics or narcotics ingredients in cases where the offenses charged were different than the arson offenses at issue here. Thus, those cases do not control the determination of the proper assessment for OV 2 in arson offenses where gasoline is used or possessed as an incendiary device.

---

[3] This statute was subsequently amended by both 2013 PA 124 and 2014 PA 112, but those amendments are not germane to this analysis.

Therefore, the trial court erred in its application of the law regarding OV 2. Defendant stipulated to the factual basis for his *nolo contendere* pleas, which included the factual allegation that defendant both possessed and used gasoline as an incendiary device in his various arson offenses. Accordingly, the trial court erred in failing to assess 15 points for OV 2.

## III. REQUEST FOR RESENTENCING BEFORE A DIFFERENT TRIAL JUDGE

The parties present cursory arguments on appeal regarding whether, on remand, resentencing should occur before a different trial judge. Since the prosecution failed to properly present this issue for our review in its statement of questions presented, or to support its argument of the issue with appropriate citation to facts and authority, we decline to address the issue. *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011) ("[The defendant] has not properly presented this argument to this Court because he failed to identify it as an issue in his statement of questions presented. Therefore, he has waived this issue for appellate review."); *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000) (citations omitted) (holding that a party "may not merely state a position and then leave it to this Court to discover and rationalize the basis for the claim.").

## IV. CONCLUSION

The trial court erred both by failing to abide by the law of the case set forth in *Naccarato I* and by failing to assess 15 points for OV 2. Accordingly, we again vacate defendant's sentences and remand for resentencing consistent with both *Naccarato I* and this opinion.

On remand, we instruct the trial court to assess 20 points for OV 1 and 15 points for OV 2. The trial court must then recalculate the appropriate sentencing guidelines range and may only sentence defendant outside the guidelines range if it does so in compliance with this Court's opinion in *Naccarato I*. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen M. Fort Hood