*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MADISON DANIELLE PERRY,

        Defendant-Appellant.

FOR PUBLICATION
August 12, 2021

No. 355330
Kalamazoo Circuit Court
LC No. 2020-000345-AR

Before: BOONSTRA, P.J., and MARKEY and SERVITTO, JJ.

MARKEY, J. (*dissenting*).

Defendant was charged under MCL 257.625(8) with operating a motor vehicle with a schedule 1 controlled substance—marijuana—in her system. She was 18 years old at the time of the incident that formed the basis for the charge. Defendant moved to dismiss the charge in the district court, arguing that the voter-initiated Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq*., barred any criminal prosecution against her for a violation of MCL 257.625(8), although she would be responsible for a civil infraction if she drove her car with marijuana in her system. The district court denied the motion to dismiss, disagreeing with defendant's construction of the MRTMA and its interrelationship with MCL 257.625(8). Defendant appealed to the circuit court, which also concluded that the MRTMA did not prohibit charging defendant with a criminal offense under MCL 257.625(8). This Court then granted defendant's application for leave to appeal. *People v Perry*, unpublished order of the Court of Appeals, entered December 16, 2020 (Docket No. 355330). I would hold that a person under the age of 21 who operates a motor vehicle with any amount of marijuana in his or her system in violation of MCL 257.625(8) cannot be criminally prosecuted for the conduct under the statute in light of language in the MRTMA. Instead, the individual may only be held responsible for a civil infraction. Accordingly, I would reverse and remand the case to the district court for entry of an order of dismissal. Therefore, I respectfully dissent.

## I. STATUTORY FRAMEWORK – BRIEF OVERVIEW

To give context to my discussion of the background facts and procedural history of the case, I offer a brief overview of the statutory framework. MCL 257.625(8) provides:

A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person has in his or her body any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or of a controlled substance described in section 7214(a)(iv) of the public health code, 1978 PA 368, MCL 333.7214.

Marijuana is a schedule 1 controlled substance. MCL 333.7212(1)(c).

Turning to the MRTMA, MCL 333.27954(1)(c) provides that the MRTMA "does not authorize . . . any person under the age of 21 to possess, consume, purchase or otherwise obtain, cultivate, process, transport, or sell marihuana[.]" But with respect to persons 21 years of age or older, unless otherwise provided, they cannot be arrested, prosecuted, or penalized in any manner for "possessing, using or consuming, internally possessing, purchasing, transporting, or processing 2.5 ounces or less of marihuana . . . [.]" MCL 333.27955(1)(a).

MCL 333.27965(3) addresses the treatment of persons under the age of 21, such as defendant, with respect to marijuana-related activities, providing, in relevant part, as follows:

A person who commits any of the following acts, and is not otherwise authorized by this act to conduct such activities, may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law:

* * *

3. Except for a person who engaged in conduct described by section 4(1)(a), 4(1)(d), or 4(1)(g), a person under 21 years of age who possesses not more than 2.5 ounces of marihuana or who cultivates not more than 12 marihuana plants:

(a) for a first violation, is responsible for a civil infraction and may be punished as follows . . . .

Regarding the exceptions referenced in MCL 333.27965(3), the provision most pertinent to this case is MCL 333.27954(1)(a), which provides that the MRTMA "does not authorize . . . operating . . . any motor vehicle . . . while under the influence of marihuana[.]" None of the exceptions pertain to operating a motor vehicle with any amount of marijuana in one's system.

The ultimate question posed in this case is whether, in light of the MRTMA, a person under 21 years of age can be *criminally* charged with and convicted of operating a motor vehicle with any amount of marijuana in his or her system pursuant to MCL 257.625(8).

## II. BACKGROUND FACTS AND PROCEDURAL HISTORY

In December 2019, our 18-year-old defendant was operating her car when she was involved in an accident. According to the responding police officers, they could smell the odor of marijuana coming from defendant's vehicle at the crash scene. Defendant admitted to smoking marijuana.

The police suspected that she had been driving her vehicle while under the influence of marijuana. A preliminary breath test revealed that she had not been drinking alcohol. Defendant did agree to submit to a blood test and was taken to a local hospital to have her blood drawn. The blood test was positive for active tetrahydrocannabinol (THC), revealing 4 nanograms of THC per milliliter of blood. The test results were negative for any other controlled substances or alcohol.

The prosecution charged defendant under MCL 257.625(8)—she was not charged with operating a motor vehicle while under the influence of marijuana, MCL 257.625(1)(a). In the district court, defendant moved to dismiss the charge on the basis that the MRTMA, specifically MCL 333.27965(3) and MCL 333.27954(1)(a), conflicted with and preempted MCL 257.625(8). Defendant contended that because the MRTMA grants an individual under the age of 21 immunity from criminal prosecution for possessing not more than 2.5 ounces of marijuana unless the individual is operating a motor vehicle while under the influence of marijuana, the prosecution could not criminally charge her with having any amount of marijuana in her system under MCL 257.625(8). Defendant maintained that the prosecution has a higher burden when attempting to convict a person of operating a motor vehicle while "under the influence" of marijuana as opposed to simply establishing that the individual was driving with marijuana in his or her system. In response, the prosecution argued that the MRTMA only provides an individual under the age of 21 with immunity from criminal prosecution for simple possession of marijuana. And the prosecution was not charging defendant for mere possession of marijuana. The district court denied defendant's motion to dismiss, ruling that the MRTMA was not intended to prohibit the criminal prosecution of individuals under the age of 21 for a violation of MCL 257.625(8).

Defendant filed an application for leave to appeal in the circuit court seeking reversal of the district court's decision and entry of a judgment of dismissal. The circuit court concluded that defendant was conflating the term "possesses," as used in MCL 333.27965(3), with the word "uses." Therefore, according to the circuit court, because defendant's conduct involved the use of marijuana, the MRTMA did not shield her from a criminal prosecution under MCL 257.625(8). Defendant then filed an application for leave to appeal in this Court, which was granted.

III. ANALYSIS

Defendant argues that MCL 257.625(8) conflicts with and is preempted by the MRTMA. Defendant contends that the plain language of the MRTMA addresses the precise situation involved in this case, i.e., where a person under 21 years of age uses marijuana, and that the exclusive penalty for such conduct is a civil infraction. Defendant maintains that MCL 257.625(8), with its lower, no-tolerance standard of driving with any amount of marijuana in one's system, clearly conflicts with the provision in the MRTMA that requires the state to prove that a defendant operated a vehicle while under the influence of marijuana in order to convict the defendant in connection with driving and marijuana use.

"We review questions of statutory interpretation de novo." *People v Hartwick*, 498 Mich 192, 209; 870 NW2d 37 (2015). The *Hartwick* Court addressed the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*., which, like the MRTMA, was passed into law by initiative. *Id.* at 198. Our Supreme Court recited the rules of construction governing a voter-initiated statute:

The MMMA was passed into law by initiative. We must therefore determine the intent of the electorate in approving the MMMA, rather than the intent of the Legislature. Our interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent. But as with other initiatives, we place special emphasis on the duty of judicial restraint. Particularly, we make no judgment as to the wisdom of the medical use of marijuana in Michigan. This state's electors have made that determination for us. To that end, we do not attempt to limit or extend the statute's words. We merely bring them meaning derived from the plain language of the statute. [*Id.* at 209-210 (quotation marks and citations omitted).]

MCL 257.625(8), which, again, prohibits operating a motor vehicle with any amount of marijuana in the driver's system, is considered the Michigan Vehicle Code's zero-tolerance provision. *People v Koon*, 494 Mich 1, 4; 832 NW2d 724 (2013). In 2018, Michigan voters passed into law a ballot initiative now codified as the MRTMA. The MRTMA "shall be broadly construed to accomplish its intent as stated in [MCL 333.27952]." MCL 333.27967. And MCL 333.27952 provides:

> The purpose of this act is to make marihuana legal under state and local law for adults 21 years of age or older, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is to prevent arrest and penalty for personal possession and cultivation of marihuana by adults 21 years of age or older; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; prevent the diversion of marihuana to illicit markets; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section.

I initially note that a person under 21 years of age is not authorized to consume marijuana under the MRTMA. See MCL 333.27954(1)(c) (the MRTMA "does not authorize . . . any person under the age of 21 to possess, consume, purchase or otherwise obtain, cultivate, process, transport, or sell marihuana"). Therefore, defendant did not have the right or authority to operate a motor vehicle with marijuana in her system; her conduct, if proven, was unlawful. The issue presented is whether she can be criminally prosecuted under MCL 257.625(8) or whether a civil infraction is the exclusive penalty.

MCL 333.27965(3) provides that an individual under 21 years of age is only legally responsible for a civil infraction if he or she "*possesses* not more than 2.5 ounces of marihuana or who cultivates not more than 12 marihuana plants." (Emphasis added.) The district and circuit courts emphasized that there is a difference between "possessing" and "using" marijuana and that defendant was not charged with mere possession of marijuana. Michigan law does generally

recognize a distinction between the possession of marijuana, MCL 333.7403,[1] and the use of marijuana, MCL 333.7404.[2]

Although using or consuming marijuana is a necessary step leading to the operation of a motor vehicle with marijuana in the driver's system, a violation of MCL 257.625(8) can best be described as an offense involving the internal possession of marijuana. I conclude that the term "possesses," as used in MCL 333.27965(3), encompasses internal possession of marijuana and that any other construction would render other language in MCL 333.27965(3) surplusage and nugatory. See *People v Ball*, 297 Mich App 121, 123; 823 NW2d 150 (2012) ("The Court must avoid construing a statute in a manner that renders statutory language nugatory or surplusage."). I note that the MRTMA does reference the act of "internally possessing" marijuana. See MCL 333.27955(1)(a). Thus, internal possession is a recognized form of possession under the MRTMA.

There are three express exceptions to the language in MCL 333.27965(3), which makes it a civil infraction for a person under 21 years of age to possess marijuana. Those exceptions include MCL 333.27954(1)(a), which provides, in part, that the MRTMA does not authorize a person to operate a motor vehicle while under the influence of marijuana, and MCL 333.27954(1)(g), which provides, in part, that the MRTMA does not authorize an individual to consume marijuana while operating a motor vehicle. If one construes the term "possesses," as used in MCL 333.27965(3), to pertain solely to a charge of external possession of marijuana, which is the interpretation applied by the district and circuit courts, urged by the prosecution, and adopted by the majority, it becomes *entirely unnecessary* to carve out the exceptions that concern the use, consumption, or internal possession of marijuana. Those exceptions become surplusage and nugatory. For example, operating a motor vehicle while under the influence of marijuana entails more than the mere external possession of marijuana; it involves the use, consumption, or internal possession of marijuana. There is absolutely no need for this express exception if the term "possesses" does not even reach the crime of operating a motor vehicle while under the influence of marijuana in the first place. The fact that the exceptions set forth in MCL 333.27965(3) address crimes of use, consumption, and internal possession of marijuana necessarily means that the term "possesses" must also encompass those types of scenarios, thereby making express reference to the exceptions necessary. The majority's construction renders the listed exceptions nonessential and inconsequential redundancies. When the term "possesses" is read in conjunction with the use and consumption exceptions all found in MCL 333.27965(3), it becomes evident that the intent of the electorate was to broadly view possession, such that it included, minimally, external and internal possession of marijuana.

Furthermore, for purposes of MCL 333.27965(3), if the electorate found it necessary to expressly exclude offenses involving the use and consumption of marijuana from coverage under the marijuana-possession language, the lack of inclusion in those exceptions of the offense of operating a motor vehicle with marijuana in the driver's system *necessarily revealed an intent* for that particular conduct to fall within the parameters of marijuana possession, implicating the civil-

---

[1] MCL 333.7403(1) provides that "[a] person shall not knowingly or intentionally possess a controlled substance[.]"

[2] MCL 333.7404(1) states that "[a] person shall not use a controlled substance[.]"

infraction penalty and precluding a criminal prosecution. The silence in those exceptions is deafening, revealing an intent to criminally punish solely those persons who drive while under the influence of marijuana, including individuals under the age of 21. I therefore conclude that a person under the age of 21 who operates a motor vehicle with any amount of marijuana in his or her system is only responsible for a civil infraction and is not subject to criminal punishment under MCL 257.625(8). See MCL 333.27965(3).

The majority refers to MCL 333.27954(1)(g), which, as noted earlier, provides that the MRTMA "does not authorize . . . consuming marihuana while operating . . . or being in physical control of any motor vehicle." The majority asserts that there was evidence that defendant was consuming marijuana while operating her vehicle and that because her "behavior fits within one of the exceptions listed in MCL 333.27965(3), she is not entitled to the lower civil infraction penalty." The majority's stance, in my view, is a red herring. Defendant was charged with operating a motor vehicle with marijuana in her system; therefore, the only relevant evidence would concern the amount of marijuana in her system when driving, not whether she was using or consuming the marijuana while she was driving. She was *not* charged with the crime of using or consuming marijuana. See MCL 333.7404(1).

The majority emphasizes that the MRTMA was intended to afford protection for those individuals 21 years of age or older, not persons under that age like defendant. My interpretation of the MRTMA does not result in protecting individuals under the age of 21 and allowing them to drive with marijuana in their system. To the contrary, those persons have engaged in unlawful conduct in the eyes of the law and are subject to a civil penalty.

The majority, in rejecting any assertion that the term "possesses" as used in MCL 333.27965(3) encompasses internal possession, states that 2.5 ounces of marijuana would yield 210 "joints," which is an amount that does not speak to internal possession. The majority argues that "[h]ad the [L]egislature intended to decriminalize the *internal* possession . . . of marijuana for those under 21 it would presumably have placed a limit consistent with the amount a person could reasonably use or consume—much, much lower than the stated limit of 2.5 ounces." The majority's view fails to appreciate my interpretation of the language, i.e., that the term "possesses" concerns not only internal possession but also normal, external possession. Thus, the 2.5-ounce amount makes practical sense when understanding that it pertains to both types of possession. Setting a much lower weight that would be more in line with internal possession only would lack logic in connection with external possession. I note that the MMMA places a 2.5-ounce limit on the possession of marijuana for medical use, which weight limitation encompasses the internal possession of marijuana. MCL 333.26424(a); *Koon*, 494 Mich at 6.

The majority notes "that while MCL 333.27954(1) identifies certain conduct that the MRTMA expressly 'does not authorize,' it does not follow that the MRTMA *authorizes* any and all conduct that is *not* expressly identified as 'not authorize[d].' " (Emphasis and alteration in original.) If we were construing MCL 333.27954(1) in isolation or in a vacuum perhaps I would agree, but MCL 333.27954(1) must be read in conjunction with MCL 333.27965(3), which is the starting point of the analysis. And, as part of that analysis, if the exceptions in MCL 333.27954(1) do not apply, the civil-infraction language pertaining to individuals under 21 years old governs. The majority, in my view, is effectively reading an additional exception into MCL 333.27954(1)— operating a motor vehicle with any amount of marijuana in the driver's system. While the majority

-6-

would retort that the exceptions are irrelevant because this is not a case of "possession" to begin with and instead is a case of "use," I return to my point that such an interpretation renders the "use" exceptions meaningless and redundant.

Finally, the majority asserts that it "would strain credulity to conclude that the mere inclusion of the 'under the influence' language in the exception set forth in MCL 333.27954(1)(a) requires that we hold that it implicitly repealed MCL 257.625(8) insofar as it relates to persons under the age of twenty-one." This argument ultimately and essentially ignores the analytical framework in which MCL 333.27965(3) works in tandem with MCL 333.27954(1) and it ignores the distinction in the law between driving while under the influence of marijuana and driving while having any amount of marijuana in one's system. I note that as part of its reasoning in ruling that the MMMA prohibits criminal prosecutions for operating a motor vehicle while internally possessing marijuana under MCL 257.625(8), our Supreme Court in *Koon* indicated that the MMMA only expressly precluded driving while under the influence of marijuana. *Koon*, 494 Mich at 6-7. The *Koon* Court stated:

> The MMMA . . . does not define what it means to be "under the influence" of marijuana. While we need not set exact parameters of when a person is "under the influence," we conclude that it contemplates something more than having any amount of marijuana in one's system and requires some effect on the person. Thus, taking the MMMA's provisions together, the act's protections extend to a registered patient who internally possesses marijuana while operating a vehicle unless the patient is under the influence of marijuana. In contrast, the Michigan Vehicle Code's zero-tolerance provision prohibits the operation of a motor vehicle by a driver with an infinitesimal amount of marijuana in his or her system even if the infinitesimal amount of marijuana has no influence on the driver.

> The immunity from prosecution provided under the MMMA to a registered patient who drives with indications of marijuana in his or her system but is not otherwise under the influence of marijuana inescapably conflicts with the Michigan Vehicle Code's prohibition against a person driving with any amount of marijuana in his or her system. [*Id.*]

In sum, I would reverse and remand for entry of an order dismissing the charge. Accordingly, I respectfully dissent.

/s/ Jane E. Markey